UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALLEANER MILLER PARKER, ET AL. | CIVIL ACTION |
| VERSUS | NO: 07-3497 |
| AMERICAN SECURITY INSURANCE COMPANY | SECTION: "J" (1) |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 6). For the reasons stated below, Plaintiff's Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs filed this lawsuit to recover damages to property which they suffered as a result of Hurricane Katrina. The Defendant timely removed on the basis of diversity of citizenship. Plaintiffs filed the instant motion to remand on October 10, 2007. Plaintiffs filed the motion as a consent motion believing that the Defendant had consented to the remand. The Defendant in fact opposes the motion, and the Court set the matter for hearing on October 31, 2007.

**DISCUSSION**

Defendant asserts that this Court has jurisdiction pursuant

to 28 U.S.C. § 1332 which requires that the parties be citizens of different states and that the amount in controversy exceed $75,000.  Plaintiffs have filed a stipulation into the record, which indicates that plaintiffs' claim "will not exceed Seventy-five Thousand ($75,000.00) Dollars," and further that Plaintiffs "will not seek to recover more than Seventy-five Thousand ($75,000.00) Dollars." (Rec. Doc. 6-2).

The jurisdictional facts supporting removal are examined at the time of removal.  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is present.  After a defendant has met its burden, a plaintiff must prove to a legal certainty that its recovery will not exceed the jurisdictional amount.  A defendant cannot simply point to state law that allows plaintiffs to recover more than they pled, and removal statutes are strictly construed in favor of remand. *Berthelot v. Scottsdale Ins. Co.*, No. 06-9531, 2007 WL 716126 (E.D. La. March 6, 2007)(Barbier, J.).

Even though a stipulation cannot divest a federal court of its jurisdiction once it is vested, it may serve to clarify that an ambiguous petition was not removable in the first place.  *Id.* (*citing Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000).  The petition in this case is ambiguous on its face as to

the amount in controversy.  The Defendant has not come forward with facts sufficient to establish jurisdiction.  Further, the stipulation filed in this Court clarifies that the amount in controversy is less than $75,000.00 and therefore never has been in issue in this case.[1]  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. 6) is **GRANTED**.  The above-captioned action is REMANDED to the court from which is was removed.

New Orleans, Louisiana this the 5th day of November, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiffs were ultimately awarded an amount in excess of this by the stat court, and subsequently seek to enforce the judgment for more than $75,000.00 including attorney's fees but excluding costs and interest, Defendants may then seek relief from judgment and sanctions against plaintiffs and their counsel from this Court. *Midkiff v. Hershey Chocolate U.S.A.*, No. 98-1137, 1998 WL 419498, at *1 (E.D. La. July 21, 1998).